UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **MICHAEL KING,** | Case No.: |
| Plaintiff, | |
| v. | |
| **DYNAMIC RECOVERY SOLUTIONS,** | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

MICHAEL KING ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DYNAMIC RECOVERY SOLUTIONS ("DEFENDANT"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and for pendant state law claims 28 U.S.C. § 1367. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012)

3. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), §

559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4. Defendant regularly conducts business in the State of Florida, thus, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Deerfield, Florida 33441.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

9. Defendant is a corporation with its principal place of business located at 135 Interstate Blvd., Suite 6, Greenville, SC 29615.

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant is a "creditor" as that term is defined in the FCCPA, Fla. Stat. § 559.55(5).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number.

14. Plaintiff has only used this phone as a cellular telephone.

15. Beginning in or about July 2017 and continuing through November 2017, Defendant placed repeated, continuous telephone calls to Plaintiff's cellular telephone number.

PLAINTIFF'S COMPLAINT

16. At all relevant times Defendant was seeking to collect an alleged debt.

17. During this time, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

18. Plaintiff knew Defendant was using an automated telephone dialing system and/or pre-recorded voice as the calls began with a noticeable delay before a live caller came on the telephone line.

19. Defendant's telephone calls were not made for "emergency purposes."

20. Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's agents and told them to stop calling him during the first phone call in or around July 2017.

21. However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone and continued to call Plaintiff on his cellular telephone up through November 2017.

22. Plaintiff found Defendant's repeated automated calls to be invasive, harassing, frustrating, annoying, aggravating, and upsetting.

23. Upon information and belief, Defendant conducts business in a manner which violates the TCPA and the FCCPA.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

PLAINTIFF'S COMPLAINT

26. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant's calls were to Plaintiff were not made for "emergency purposes."

28. After Plaintiff told Defendant to stop calling, Defendant knew or should have known that it did not have consent to call and/or that any consent it thought it had was revoked.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT II**
**DEFENDANT VIOLATED THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Any person attempting to collect a consumer debt violate § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or

harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

34.   Defendant violated § 559.72(7) when it placed repeated and continuous telephone calls to Plaintiff despite knowing its calls were unwanted.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MICHAEL KING, respectfully prays for a judgment as follows:

a.   Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

b.   Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c.   Actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

d.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

e.   Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);  and

f.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

g.   Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHAEL KING, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: October 31, 2018   By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esq.
Fla. Bar No.: 1002337
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

- 6 -

PLAINTIFF'S COMPLAINT